```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
SHAWN TODD,                                                  :
                                                             :
                          Plaintiff,                         :       REPORT AND
                                                             :       RECOMMENDATION
              -against-                                      :       20 Civ. 1568 (LDH) (VMS)
                                                             :
A TEAM SECURITY, INC.,                                       :
                                                             :
                          Defendant..                        :
------------------------------------------------------------ x
```

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff Shawn Todd ("Plaintiff") brought this action against Defendant A Team Security, Inc. ("Defendant") alleging sex discrimination and retaliation in violation of his rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., and New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code §§ 8-101 et seq. See ECF No. 14. Plaintiff died. See ECF No. 18; ECF No. 22 ¶ 3; ECF No. 24-1 ¶ 1. Now before this Court is a substitution-of-party motion filed by Plaintiff's father George Williams ("Mr. Williams") pursuant to Rules 6 and 25 of the Federal Rules of Civil Procedure. Mr. Williams requests that the Court substitute him for Plaintiff in this action. See ECF No. 22. The Honorable LaShann DeArcy Hall referred the motion for a report and recommendation.

For the reasons that follow, this Court respectfully recommends that Mr. Williams's motion be granted and that he be substituted for Plaintiff with respect to Plaintiff's Title VII and NYCHRL claims except that Mr. Williams's motion be denied with respect to Plaintiff's claims for punitive damages and that the punitive damages claims be dismissed for failure to survive Plaintiff's death.

**I.     Background**

On March 27, 2020, Plaintiff filed this action. See ECF No. 1. In his complaint he

alleges a sex discrimination and retaliation claim under both Title VII and the NYCHRL. See id. ¶¶ 51-74. In the addendum clause, he seeks in excess of $800,000 in damages for his Title VII and NYCHRL claims including punitive damages. See id. at 12 ¶¶ A-D. On March 25, 2021, Plaintiff, a New York resident, passed away. See ECF No. 18. On March 29, 2021, Defendant filed a timely notice of suggestion of death. See ECF No. 14 ¶ 1; ECF No. 18; Fed. R. Civ. P. 25; Lai Yoong Low v. Tian Yu Inc., No. 12 Civ. 7237 (HBP), 2015 WL 1011699, at *2 (S.D.N.Y. Mar. 9, 2015) ("Rule 25 establishes a ninety-day period, running from the filing of a suggestion of death, for any party to make a motion to substitute a party for the decedent.") (citing Fed. R. Civ. P. 25(a)(1)). After Plaintiff's death, Plaintiff's father Mr. Williams retained Plaintiff's counsel who, on June 24, 2021, filed a motion pursuant to Rule 25 to substitute himself for Plaintiff. See ECF No. 22. Defendant initially opposed, see ECF No. 23, and the Court heard the parties' arguments and directed them to supplement the record, see Dkt. Entry 7/28/2021; ECF No. 26. Mr. Williams thereafter supplemented his motion, see ECF No. 24, and Defendant withdrew its opposition to Mr. Williams's application. See ECF No. 25. Mr. Williams's motion for substitution is unopposed.

    Mr. Williams submitted two declarations under penalty of perjury as evidence in support of the instant motion. See ECF Nos. 22-1, 24-1. Mr. Williams attests that, on March 25, 2021, his son, the plaintiff in this action, passed away with no children and no spouse. See ECF No. 22-1 ¶ 1. Mr. Williams's counsel attests and represents that Plaintiff's mother is deceased, see ECF No. 22 ¶ 8; ECF No. 24 at 2, which is consistent with Mr. Williams's own declaration that he is Plaintiff's "closest living heir as his father . . . [who has] known and cared for him for longer than any other living person on this earth[,]" ECF No. 24-1 ¶ 1. Plaintiff, who had no will, left a limited estate comprised of personal belongings such as clothing, a laptop, a

2

smartphone, a television, a bed and small kitchen appliances, including a microwave and can opener.  See ECF No. 22-1 ¶¶ 2-3; ECF No. 24-1 ¶¶ 3, 6.  According to Mr. Williams, no probate proceeding was filed for Plaintiff's estate; none is pending; and his estate need not be probated.  See id. ¶¶ 3-4.  Mr. Williams was the primary beneficiary of Plaintiff's unprobated intestate estate and, "well before" Mr. Williams filed the instant substitution motion, Mr. Williams had fully distributed Plaintiff's estate which consisted of his personal belongings.  ECF No. 24-1 ¶¶ 4, 6; see ECF No. 22.  According to Mr. Williams, he and Plaintiff's siblings agreed to pay the debts surrounding Plaintiff's death, including thousands of dollars in funeral expenses, and Mr. Williams intends to first put any money received from this action towards those expenses.  See ECF No. 22-1 ¶¶ 2, 5; ECF No. 24-1 ¶¶ 2, 7.  Mr. Williams further attests that he is "of sound mind and body" such that he is "mentally and physically capable of understanding the claim, its risks, settlement offers (if any), and any other consideration relevant to this lawsuit such as [his] lawyer's advice and counsel."  Id. ¶ 9 (offering support for statement that Mr. Williams is of "sound and body" for the purposes of substituting for Plaintiff as a party in this action).

## II.     Mr. Williams's Motion Was Timely Made

In relevant part, Rule 25(a)(1) provides that

> [i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by . . . the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by . . . the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).  "[M]otions to substitute [should] be freely granted."  Natale v. Country Ford Ltd., 287 F.R.D. 135, 137 (E.D.N.Y. 2012) (citing Fed. R. Civ. P. 25, advisory committee's note of 1963)); see Saylor v. Bastedo, 623 F.2d 230, 237 (2d Cir. 1980) ("[I]t is difficult to

3

imagine a case where discretion might be properly exercised to deny a motion to substitute for a deceased plaintiff made within [Rule 25's] time limits."). "Rule 25(a)'s 90-day period" for the filing a substitution motion "can only be triggered by formal service of a suggestion of death." Stephens v. Am. Risk Mgmt. Inc., No. 89 Civ. 2999 (JSM) (AJP), 1995 WL 479438, at *2 (S.D.N.Y. Aug. 14, 1995) (citation omitted). Any party may file a suggestion of death in an action; the suggestion of death "need not identify the decedent's successor or legal representative." Hybrid Capital Grp., LLC v. Padell, No. 17 Civ. 6343 (KPF), 2018 WL 11291221, at *2 (S.D.N.Y. May 2, 2018) (citing Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467, 469 (2d Cir. 1998)).

Under Rule 25(a)(1), Mr. Williams's motion was timely made. Plaintiff died on or about March 25, 2021, and Defendant filed a suggestion of death on March 28, 2021. See ECF No. 18. On June 24, 2021, which was within 90 days of Defendant's filing of the suggestion of Plaintiff's death, Mr. Williams filed his substitution motion. See ECF No. 22; Fed. R. Civ. P. 25(a)(1); see also Fed. R. Civ. P. 6(a)(1)(A).

### III. Plaintiff's Title VII And NYCHRL Claims For Compensatory Damages Survived His Death, But His Title VII And NYCHRL Claims For Punitive Damages Were Extinguished By His Death And Should Be Dismissed

#### a. Plaintiff's Title VII Claims

Plaintiff's action includes Title VII sex-discrimination and retaliation claims against Defendant. See ECF No. 14. Common law has long recognized that actions which are penal in nature do not survive the death of a party, and because Title VII—the statute that underlies Plaintiff's federal claims—is "silent as to whether a cause of action survives a plaintiff's death, the question is whether [Title VII is] penal." Estwick v. U.S. Air Shuttle, 950 F. Supp. 493, 498 (E.D.N.Y. 1996); see 6 James Wm. Moore, Moore's Federal Practice § 25.11[3] (3d ed. 2021);

4

Colucci v. Beth Israel Med. Ctr., 603 F. Supp. 2d 677, 680 (S.D.N.Y. 2009) ("Unless a statute directly addresses the issue, courts are generally guided by principles of federal common law, which prescribe that claims characterized as 'penal' abate upon a party's death, while claims characterized as 'remedial' survive.") (quoting Ex parte Schrieber, 110 U.S. 76, 80 (1884)); Hardy v. Kaszycki & Sons Contractors, Inc., 842 F. Supp. 713, 718 (S.D.N.Y. 1993) ("Absent a specific directive, federal common law generally determines whether a federal statutory cause of action survives the death of a party."). Under federal common law, "[t]o determine whether a particular statute is penal, courts look to (a) whether the purpose of the [statute] is to redress individual wrongs or wrongs to the public; (b) whether the recovery runs to the individual or the public; and (c) whether the recovery is disproportionate to the harm suffered." Estwick, 950 F. Supp. at 498 (citing Murphy v. Household Finance Corp., 560 F.2d 206 (6th Cir.1977)); see Int'l Cablevision, Inc. v. Sykes, 172 F.R.D. 63, 67 (W.D.N.Y. 1997) (citation omitted). Applying these standards, courts have held that Title VII claims for compensatory damages are remedial and survive the plaintiff's death. See Estwick, 950 F. Supp. at 498; see also Kilgo v. Bowman Transp., Inc., 789 F.2d 859, 876 (11th Cir. 1986) (finding from the three-factor analysis "that Title VII . . . is a remedial, rather than a penal statute for the purpose of survival"); Breslow v. State Street Corp., No. 20 Civ. 212 (TJS), 2020 WL 6504546, at *2 (E.D. Pa. Nov. 5, 2020) (assuming that the decedent's son was seeking compensatory damages on his Title VII claims to find that he had standing to bring them on his mother's behalf, and to hold that the Title VII claims survived the mother's death); Khan v. Grotnes Metalforming Sys., Inc., 679 F. Supp. 751, 756 (N.D. Ill. 1988) (finding that the plaintiff's Title VII claim survived the defendant's death because "it is beyond dispute that Congress intended Title VII to remedy the wrongs suffered by the victims of employment discrimination" and "make [them] whole") (citing Albemarle Paper

5

Co. v. Moody, 422 U.S. 405, 418 (1975)); see generally Int'l Broth. of Teamsters v. United States, 431 U.S. 324, 381 (1977) (noting that "Title VII is a remedial statute designed to eradicate certain invidious employment practices") (J. Marshall, concurring); Lenzi v. Systemax, Inc., 944 F.3d 97, 110 (2d Cir. 2019) (noting Title VII's "broad remedial purpose"). In light of the foregoing, Plaintiff's Title VII claims for compensatory damages survived his death. See Estwick, 950 F. Supp. at 498; see also Kilgo, 789 F.2d at 876; Breslow, 2020 WL 6504546, at *2; Khan, 679 F. Supp. at 756.

In contrast, because punitive damages "operate as 'private fines' intended to punish the defendant and deter future wrongdoing" rather than compensate for harm, Cooper Indus. v. Leatherman Tool Grp., 532 U.S. 424, 432 (2001), courts have found punitive damages claims to be penal in nature even when they were brought pursuant to a generally remedial statute such that they are extinguished by a party's death and subject to dismissal. See Duchesne v. Sugarman, 566 F.2d 817, 821 n.2 (2d Cir. 1977) (noting that although the deceased plaintiff's claims for compensatory and nominal damages on her Section 1983 civil rights claims survived her death under New York state survival statutes, "the claim for punitive damages does not survive"); Doe v. Indyke, 465 F. Supp. 3d 452, 472 (S.D.N.Y. 2020) (dismissing the plaintiff's claims for punitive damages against the decedent's estate under a remedial statute with prejudice because "[e]ven where a statute is characterized as remedial, . . . courts have found punitive damages unavailable"); E.E.O.C. v. Deloitte & Touche, LLP, No. 97 Civ. 6484 (LMM), 2000 WL 1024700, at *7 (S.D.N.Y. July 25, 2000) ("The [ADA] claim for compensatory damages survives [the plaintiff's] death; the claim for punitive damages, however, does not.") (citation omitted); Estwick, 950 F. Supp. at 498 (finding that the punitive damages requested by the plaintiff under Title VII and state law "are plainly penal and must be dismissed under either

6

federal or state law").

Plaintiff's Title VII claims for punitive damages were extinguished at Plaintiff's death because they are penal in nature. See Indyke, 465 F. Supp. 3d at 472; Deloitte & Touche, 2000 WL 1024700, at *7; Estwick, 950 F. Supp. at 498 (finding that the punitive damages requested by the plaintiff "are plainly penal and must be dismissed under either federal or state law"). This Court thus respectfully recommends that the punitive damages aspect of Plaintiff's Title VII claims be dismissed and that Mr. Williams's substitution motion be denied as to them.

### b. Plaintiff's NYCHRL Claims

As for Plaintiff's supplemental claims under local law, "[b]ecause survival is governed by the law that creates the cause of action, federal courts must apply state survival statues or other relevant state law to determine survival of state law claims." 6 Moore, supra, § 25.11[2]; see Martinez v. 35-50 81st St. Realty LLC, No. 20 Civ. 3167 (MKB) (SJB), 2021 WL 2877415, at *1 (E.D.N.Y. June 21, 2021) ("Whether a state-law claim survives the death of a plaintiff is governed by state law[.]"), R&R adopted, 2021 WL 2856720 (E.D.N.Y. July 8, 2021).

Section 11-3.1 of New York's Estates, Powers and Trusts Law provides that "[a]ny action, other than an action for injury to person or property, may be maintained by . . . a personal representative in all cases and in such manner as such action might have been maintained by . . . his decedent." N.Y. E.P.T.L. § 11-3.1. Section 11-3.2(b) of New York's Estate Powers and Trusts Law provides that "[n]o cause of action for injury to person or property is lost because of the death of the person in whose favor the cause of action existed. For any injury an action may be . . . continued by the personal representative of the decedent[.]" N.Y. E.P.T.L. § 11-3.2(b). Section 11-3.1 of New York's Estate Powers and Trusts Law "provides for the survival of all actions other than those for injury to person or property." 3 Jack Weinstein, Harold B. Korn &

Arthur R. Miller, New York Civil Practice: CPLR ¶ 1015.04 (2d ed. 2021); N.Y. E.P.T.L. § 11-3.1.  Applying these New York survival statutes, courts have held that claims for compensatory damages under New York law are not extinguished on death.  See, e.g., Johnson v. Morgenthau, 160 F.3d 897, 899 (2d Cir. 1998) (finding under Section 11-3.2(b) that the plaintiff's Section 1983 action—the survivorship of which is governed by New York law—was not abated by his death); Duchesne, 566 F.2d at 821 n.2 (noting that the deceased plaintiff's claims for compensatory and nominal damages on her federal Section 1983 claims survived her death); Estwick, 950 F. Supp. at 498 (finding that New York state discrimination claim for compensatory damages did not abate upon the plaintiff's death); Oley v. State, 269 N.Y. 556, 557 (N.Y. 1935) (affirming that a worker's unpaid-wage claim became an indebtedness to his estate on his death collectible by his representative in the same manner in which the employee could have collected it); Mendoza v. State Div. of Human Rights, 424 N.Y.S.2d 447, 447 (1st Dep't 1980) (rejecting the respondent's argument that the civil rights claim abated upon the victim's death, finding that civil rights actions seeking compensation constitute "injuries to the person" under state survivorship statute).  In light of the foregoing, Plaintiff's NYCHRL claims for compensatory damages survived his death.  See Johnson, 160 F.3d at 899; Duchesne, 566 F.2d at 821 n.2; Estwick, 950 F. Supp. at 498; Oley, 269 N.Y. at 557; Mendoza, 424 N.Y.S.2d at 447.

In contrast, courts have held that with limited exceptions not relevant here, under New

York law claims for punitive damages do not survive a plaintiff's death.[1] See Duchesne, 566 F.2d at 821 n.2 (noting that the plaintiff's "claim for punitive damages does not survive" in connection with Section 1983 action pursuant to applicable New York survival statute); Estwick, 950 F. Supp. at 498 (dismissing deceased plaintiff's claim for punitive damages under state law as penal and not remedial); Wolf v. Gold, 41 Misc.2d 548, 552 (N.Y. Sup. Ct., N.Y. Cnty 1962) ("If [the plaintiff] had lived he clearly would have been entitled to an award of punitive damages [on slander claim]; but none can be awarded his estate."). Plaintiff's NYCHRL claims for punitive damages were extinguished at Plaintiff's death because they are penal in nature. See Duchesne, 566 F.2d at 821 n.2; Estwick, 950 F. Supp. at 498; Wolf, 41 Misc.2d at 552. This Court thus respectfully recommends that the punitive damages aspect of Plaintiff's Title VII claims be dismissed and that Mr. Williams's substitution motion be denied as to them.

### c. Mr. Williams Is A Distributee Of Plaintiff's Estate

Rule 25(a)(1) "sought to dispel unwarranted rigidity and allow more flexibility in substitution." Hardy, 842 F. Supp. at 716 (quoting McSurely v. McClellan, 753 F.2d 88, 98 (D.C. Cir. 1985)); see In re Baycol Prod. Litig., 616 F.3d 778, 784 (8th Cir. 2010) (quoting Rende v. Kay, 415 F.2d 983, 986 (D.C. Cir. 1969)). As noted supra, Section II, Rule 25(a)(1) provides that if a party's claim is not extinguished by his death and a substitution motion is timely made, a "court may order substitution of the proper party" on a motion for substitution made by "the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). Once the

---

[1] For example, the New York Legislature amended Section 11-3.2(b) so that a wrongful-death victim's estate may have a punitive damages claim that survives the victim's death if the death occurred after August 31, 1982. See N.Y. E.P.T.L. § 11-3.2(b). The law's practice commentaries explain that the amendment was designed to avoid a "gruesome anamoly" that existed under prior law in wrongful death actions, i.e., "if the victim died, the court could not award punitive damages against the tortfeasor, with the result that one who committed a reckless or grossly negligent wrong faced less liability if the victim died than if he survived." Id.

successor of a deceased party is substituted, he stands in place of the deceased party and is bound by the deceased party's previous acts and prior orders and rulings. See 6 Moore, supra, § 25.15. "The party seeking substitution must show that the person to be substituted is a proper representative or successor under applicable state law." Id. Although state law governs that question (as it does whether a state law claim survives a party's death, see supra, Section III.b) and assuming the showing is made, Rule 25(a)(1) "describes the method by which an action may proceed." Allen v. Devine, No. 09 Civ. 668 (ADS) (ETB), No. 10 Civ. 1319 (ADS) (ARL), 2011 WL 5117619, at *2 (E.D.N.Y. Oct. 25, 2011) (finding that although state law governed whether an action was extinguished by death, Rule 25(a)(1) provided procedural substitution rule); see Servidone Const. Corp. v. Levine, 156 F.3d 414, 416 (2d Cir. 1998) (holding that "even where the court must apply state substantive law" to determine whether a decedent's claim was extinguished on death, "[f]ederal rules, rather than state-law principles, govern the procedure for substitution"); Iovino v. Waterson, 274 F.2d 41, 45 (2d Cir. 1959) (finding that a federal rule could be applied to permit the substitution of the personal representative of a non-resident decedent in a diversity suit in a state which does not permit such substitution); Sharp v. Ally Fin., Inc., 328 F. Supp. 3d 81, 102-03 (W.D.N.Y. 2018) (applying New York law to questions pertaining to whether the plaintiff's claims survived death and whether the substitution movant was the decedent's successor or representative before granting the motion pursuant to Rule 25(a)(1) procedure).

"In general, a 'proper party' for substitution purposes under Rule 25(a)(1) is either: '(1) a successor of the deceased party—a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party—a person lawfully designated by state authority to represent the deceased's

10

estate.'" Roe v. City of New York, No. 00 Civ. 9062 (RWS), 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003) (internal quotations & citation omitted); see Galeas v. Houslanger & Assocs. PLLC, No. 19 Civ. 4270 (PKC) (RLM), 2021 WL 2843214, at *3 (E.D.N.Y. June 21, 2021) (collecting cases), R&R adopted, ECF No. 74 (E.D.N.Y. July 7, 2021). Courts construing this language have held that a "proper party" under Rule 25(a)(1) thus need not be a formally appointed estate administrator. New York law defines "distributee" as "a person entitled to take or share in the property of a decedent under the statutes governing descent and distribution[,]" N.Y. E.P.T.L. § 1-2.5, and it is enough to satisfy Rule 25(a)(1) that the movant is an estate distributee "if the estate of the deceased has been distributed at the time the motion for substitution has been made." Gronowicz v. Leonard, 109 F.R.D. 624, 626 (S.D.N.Y. 1986) (citations omitted); see Graham v. Henderson, 224 F.R.D. 59, 64-65 (N.D.N.Y. 2004) (noting that although an affidavit failed to show that testamentary letters of estate administration were formally granted to the deceased defendant's wife, its attestation that she was the primary distributee of the deceased's distributed and settled estate qualified her as the deceased's "successor" and a proper party for substitution under Rule 25(a)(1)); Hardy, 842 F. Supp. at 716 (finding widow a proper party for substitution, although she had not been formally named as estate representative, when she was at least a primary distributee of husband's estate).

Section 4-1.1 of New York's Estates, Powers and Trusts Law provides that "[t]he property of a decedent not disposed of by will shall be distributed as provided in this section." N.Y. E.P.T.L. § 4-1.1. "In computing said distribution, debts administration expenses and reasonable funeral expenses shall be deducted but all estate taxes shall be disregarded[.]" Id. As relevant here, if a decedent is survived by "[o]ne or both parents, and no spouse and no issue, the whole [of the distribution shall be] to the surviving parent or parents." N.Y. E.P.T. L. § 4-

11

1.1(a)(4).  See 3 Weinstein, Korn & Miller, supra, ¶ 1015.06 ("If no such representative exists," the new party can be a "successor in interest."); Fed. R. Civ. P. 25(a)(1); In re Baycol Prod. Litig., 616 F.3d at 784 (collecting cases); McSurely, 753 F.2d at 98; Saylor, 623 F.2d at 237; Rende, 415 F.2d at 986; Natale, 287 F.R.D. at 137; Hardy, 842 F. Supp. at 716; see also 3 Weinstein, Korn & Miller, supra, ¶ 1015.06 ("Thus, an heir . . . who takes real property . . . would be substituted for a deceased party."); N.Y. C.P.L.R. § 1015(a) ("If a party dies and the claim for or against him is not thereby extinguished the court shall order substitution of the proper parties."); N.Y. C.P.L.R. § 1021 ("A motion for substitution may be made by the successors or representatives of a party or by any party."); Sorin v. Shahmoon Indus., 30 Misc. 2d 429, 437, 1961 WL 20333 (N.Y Sup. Ct., N.Y. Cnty, Sept. 22, 1961) (considering widow's motion to be substituted for estate executors where she was the sole distributee under her husband's will, but denying it on different grounds).

    The person claiming to be the decedent's distributee bears the burden of showing by a preponderance of the evidence that he was related to the decedent and that no one else was more closely related.  See Roe, 2003 WL 22715832, at *2 (finding in federal civil rights lawsuit that decedent plaintiff's father was one of the intestate estate's distributees under EPTL 4-1.1(a)(4) where "no court appointed an executor or administrator for [the] estate"; the deceased plaintiff was "never married and had no children"; and "[h]is property, consisting only of personal belongings, was dispersed among his parents and siblings"); Matter of Whelan, 461 N.Y.S.2d 398, 398 (2d Dep't 1983) (finding from hearing testimony that the appellants had established by a preponderance of the credible evidence that they were the nearest surviving paternal relatives or distributees of the deceased); Matter of McGarrity, 414 N.Y.S.2d 739, 739 (2d Dep't 1979) (finding that it was established by a preponderance of the evidence that the appellant and her

12

sister were the decedent's sole distributees).

### d. Mr. Williams Is A Satisfactory Party For Substitution

Mr. Williams's uncontested evidence shows by a preponderance of the evidence that he was a distributee of Plaintiff's intestate estate pursuant to Section 4-1.1(a)(4). See ECF No. 22-1, passim; ECF No. 22-4, passim; N.Y. E.P.T.L. § 4-1.1(a)(4); United States v. Comparato, 850 F. Supp. 153, 158 (E.D.N.Y. 1993) (noting that it was "undisputed that [the decedents' parents] were the sole presumptive distributees of their son . . . at the time of his death") (citation omitted); Reed v. Schoharie Cnty., 382 N.Y.S.2d 371, 371 (3d Dep't 1976) (holding that, absent parental disqualification, parents are sole statutory distributees of intestate child regardless of existence of siblings"); id. ("If the father is the distributee, it is generally immaterial whether the decedent had brothers and sisters."). Mr. Williams's uncontested evidence also establishes that Plaintiff's intestate estate was fully distributed prior to the date that Plaintiff filed the instant motion. Compare ECF No. 24-1 ¶ 6, with ECF No. 22; Fed. R. Civ. P. 25(a)(1); Graham, 224 F.R.D. at 65 (finding that because the deceased defendant's estate had been settled and fully distributed, there was no reason to exercise discretion to deny substitution for the decedent's wife as his successor under Rule 25(a)(1)); Roe, 2003 WL 22715832, at *2 (holding that an estate's distributee qualifies as a deceased party's successor under Rule 25(a)(1) where the estate had been distributed prior to the making of substitution motion); cf. Saylor, 623 F.2d at 237 (stating that the principal reason for discretionary denial of substitution of parties is to prompt settlement and distribution of the estate of deceased defendants). Given that Mr. Williams is Plaintiff's successor under New York law as a distributee of Plaintiff's estate, which was fully distributed at the time the substitution motion was made, Rule 25(a)(1) permits him to be approved as a proper party to substitute for Plaintiff to maintain the Title VII and NYCHRL

13

compensatory damages claims.

As a final point, Defendant initially opposed Mr. Williams's motion by submitting three pages of Plaintiff's deposition testimony transcript to suggest that because of Mr. Williams's age and health, he lacked competency to serve as a proper party for substitution. See ECF No. 23 at 9-11. In relevant part, Plaintiff's exceedingly brief testimony on the subject was that as of late 2020, Mr. Williams experienced some age-related mental issues that put himself and others living with him at risk of potential harm. See id. at 9-11. This Court does not find this aspect of the record sufficient to undermine the evidence that Mr. Williams is competent to substitute for Plaintiff; indeed, the fleeting and vague reference to Mr. Williams is the kind of remark that many families might make about an elder member without meaning to imply mental incompetence. See id. At the same time, Mr. Williams has submitted two declarations under penalty of perjury that do not suggest that he suffers mental incompetence including one which explains various indicia showing that he is of sound mind. See ECF No. 22-1; ECF No. 24-1 ¶ 9. The record supports the conclusion that Mr. Williams is sufficiently competent to be substituted for Plaintiff.

In light of the foregoing, this Court respectfully recommends that the Court find Mr. Williams is a proper party to substitute for Plaintiff for the purposes of maintaining Plaintiff's surviving Title VII and NYCHRL claims for compensatory damages under Rule 25(a)(1). See Graham, 224 F.R.D. at 65; Roe, 2003 WL 22715832, at *2.

### IV.     Conclusion

In light of the foregoing, this Court respectfully recommends that the District Judge grant Mr. Williams's Rule 25(a)(1) motion and allow his substitution as his deceased son's successor with respect to Plaintiff's Title VII and NYCHRL claims for compensatory damages, and deny

Mr. Williams's substitution motion with respect to Plaintiff's Title VII and NYCHRL claims for punitive damages and dismiss such claims. The Court further respectfully recommends that the Clerk of the Court be directed to amend the caption to list the Plaintiff as George Williams, as Distributee of the Estate of Shawn Todd.

## V.     Objections

A copy of this report and recommendation will be served via ECF upon the parties and counsel for movant Mr. Williams. Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge]'s report operates as a waiver of any further judicial review of the magistrate [judge]'s decision.").

Dated:  Brooklyn, New York
          September 9, 2021

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge